In re BOARD OF PUBLIC IMPROVEMENT OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. EMINENT DOMAIN—POWERS OF COMMISSIONERS OF ESTIMATE—APPOINTMENT OF CLERK.

Laws 1896, c. 393, provides that, in proceedings to condemn property by the city of New York, the corporation counsel shall furnish to the commissioners of estimate a clerk. New York charter (Laws 1897, c. 378, § 1447) directs that the awards in condemnation proceedings, together with the fees of the commissioners and the compensation of such necessary clerks as they may employ, shall be paid out of the fund created by the act authorizing the proceeding. Section 1608 only repeals inconsistent provisions. Section 1609 directs that the mere omission from the charter of any previous acts shall not be held to be a repeal thereof. Held, that Laws 1896, c. 393, though omitted from the New York charter of 1897, is not impliedly repealed, and the commissioners of estimate in condemnation proceedings are not authorized to appoint a clerk where the corporation counsel has furnished them with one.

Appeal from special term, New York county.

Application by the board of public improvement of the city of New York for the acquisition of property for a public purpose. From an order taxing the expenses of Alfred M. Downes, as clerk of the commissioners of estimate, appointed by them, the city of New York appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Theodore Connoly, for appellant.
Thomas E. Rush, for respondent.

INGRAHAM, J. This proceeding was instituted by the city of New York to acquire title to certain lands for the construction of the East River bridge No. 4. The corporation counsel supplied to the commission a clerk to perform the clerical work of the commission, who was paid a regular salary by the city. The commission, however, appointed the respondent clerk to the commission, at a salary of $250 per month. The chairman of the commission subsequently certified that the reasonable value of the services of the respondent was $500, and the court in this proceeding has taxed the bill of the clerk appointed by the commission at that sum for the services performed between the 29th day of April, 1902, and the 29th day of June, 1902, inclusive. Counsel for the city insisted that

the commissioners had no power to appoint a clerk, but that the law requires the corporation counsel to furnish such clerks as are needed by the commission, and that he had furnished a clerk as then required. By section 1 of chapter 393 of the Laws of 1896 it is provided that "in all proceedings * * * which may hereafter be instituted for the acquisition of any right, title or interest in any property for public purposes by the city of New York, * * * it shall be the duty of the counsel to the corporation to furnish to the commissioners of estimate and assessment, or the commissioners of appraisal, or such other commissioners as may have been or may be appointed in any such proceeding wherein clerks and surveyors have not already been appointed, such necessary clerks, surveyors and other employés and to provide such suitable offices as they may require to enable them to fully and satisfactorily discharge the duties imposed upon them." This provision was not expressly repealed by the New York charter of 1897 (chapter 378, Laws 1897), but the respondent claims that it was repealed by implication. Section 1447 of that charter provides that "the amounts of the awards made in a proceeding brought under this chapter for the value of lands and interests therein taken shall be paid out of the fund created by the act authorizing the acquirement of the said lands or interests therein, and the money for the payment thereof, together with the fees of the commissioners of estimate, the compensation of such necessary clerks or assistants as they may employ, and all other expenses in and about the special proceeding instituted under this chapter, including the fees of counsel employed by the corporation counsel in the proceeding and all other reasonable expenses incurred by said corporation counsel in the conduct of said proceeding shall be also paid out of the said fund so provided." By section 1608 of the charter the provisions of the consolidation act were only repealed "so far as any provisions thereof are inconsistent with the provisions of this act, and no further"; and section 1609 provides that "the mere omission from this act of any previous acts in any of the provisions thereof, including said consolidation act of 1882, relating to or affecting the municipal and public corporations or any of them which are herein united and consolidated, shall not be held to be a repeal thereof." We think that, under these provisions, section 1 of the act of 1897 was still in force. By the act of 1896 it was made the duty of the counsel to the corporation to furnish to the commissioners of estimate and assessment, or the commissioners of appraisal, "such necessary clerks, surveyors and other employés"; and nothing in the charter expressly repeals this provision, and the mere fact that it was not repeated in the charter could not be held to be a repeal thereof. The provision requiring the payment of the fees of the commission, the compensation of such necessary clerks or assistants as they may employ, and the other expenses of proceedings, out of a certain fund provided for the payment of the awards for lands taken, is not at all inconsistent with the provision that the clerks that they appoint are to be the clerks furnished by the counsel to the corporation under the provisions of the act of 1896. We do not think that it was the intention of the legislature to repeal the act

that provided that the clerks required to perform the clerical work of the commission should be furnished by the corporation counsel, rather than that independent clerks should be appointed by the commissions, which would increase the cost of these proceedings, now extremely burdensome to the city and the property owners. This construction, we think, is justified by the case of People v. Keating, 168 N. Y. 390, 61 N. E. 637. That it was the intention of the legislature to continue this restriction upon the power of these commissioners to appoint clerks appears from the provisions of the revised charter (chapter 466, Laws 1901), which went into effect on the 1st of January, 1902. By section 1446 of that act, it is made the duty of the comptroller of the city of New York to furnish the commissioners of estimate and appraisal who may be appointed 'such necessary clerks and other employés as they may require to enable them fully and satisfactorily to discharge the duties imposed upon them; and although this provision may not apply, as by section 1448 it is provided that the provisions of the chapter shall not apply to any proceeding instituted prior to the time of the taking effect of the act, it is a legislative declaration that the commissioners were not to appoint independent clerks for the performance of these duties. My conclusion is that the commissioners had no power to appoint the respondent, and that he is not entitled to enforce payment of his fees from the city.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.